1                    **UNITED STATES DISTRICT COURT**
2                          **DISTRICT OF NEVADA**
3
4
5   MICHAEL S. SPENCER, *et al.*        )
                                         )   3:07-cv-00635-LRH-VPC
        Plaintiff(s),                    )
6                                        )
7       v.                               )   **REPORT AND RECOMMENDATION**
                                         )   **OF U.S. MAGISTRATE JUDGE**
    GLEN WHORTON, *et al.*,              )
8                                        )
        Defendants.                      )   April 26, 2010
9   _____ )
10

11        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States
12   District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.
13   § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiffs' motion to certify as a class action
14   (#128). Defendants responded (#134), and plaintiffs replied (#140). The court recommends that
15   plaintiffs' motion for class certification (#128) be denied.

16                      **I. HISTORY & PROCEDURAL BACKGROUND**

17        Plaintiff Michael Spencer("plaintiff"), a *pro se* prisoner, is currently incarcerated at Nevada
18   State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#1-1).
19   Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of the U.S.
20   Constitution and federal law, which allegedly occurred at Nevada State Prison ("NSP"). *Id*.
21   Plaintiff is a practicing Odinist and alleges that defendants have unconstitutionally burdened his
22   religious practices. *Id.*

23        In the instant motion, plaintiff seeks to create a class of "inmates throughout the N.D.O.C.
24   whose religious practices will be affected by the outcome of this action" (#128, p. 1).

25        The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
26   appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
27   of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
28   *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

A.   **Discussion**

   1.   **Class Certification**

Federal Rules of Civil Procedure, 23(a) states four threshold requirements applicable to all class actions. Rule 23(a) states the following in full:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23.

Thus, plaintiffs seeking class certification must satisfy four requirements: numerosity, commonality, typicality, and adequate representation of the interests of the class. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 828 (1999). First, the proposed class should be so "numerous that joinder of all members is impracticable," but no bright-line rule governs class size. Fed. R. Civ. P. 23(a)(1); *Hernandez v. Alexander*, 152 F.R.D. 192, 194 (D. Nev. 1993) (holding that a class of fifty-two was too small when proposed class members did not demonstrate any unusual difficulties with joinder). Second, a common question of law or fact must exist among class members. Fed. R. Civ. P. 23(a)(2); *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (explaining that commonality is satisfied in civil rights litigation when the suit challenges a system-wide practice or policy). Third, typicality is satisfied where a class representative's injuries are similar. Fed. R. Civ. P. 23(a)(3); *Armstrong*, 275 F.3d at 868-69; *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997) ("The test for typicality, like the test for commonality, is not demanding."). Fourth, under Rule 23(a)(4), the representative parties must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).

1  With respect to the fourth requirement, courts are unanimous in finding that *pro se* plaintiffs cannot bring class actions because they cannot fairly and adequately protect the interests of the class. *See, e.g., Carter v. Taylor*, 540 F. Supp. 2d 522, 527 (D. Del. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of the counsel, and we consider the competence of a layman representing himself to be clearly too limited to risk the rights of others." (citations omitted)).

**B.    Analysis**

Plaintiff here fails to meet the requirements of Rule 23(a)(1) and (4).  With respect to the first requirement, plaintiff presently appears to be the only named plaintiff remaining in the suit.  *See* #144 (order dismissing plaintiff McCaskill with prejudice); #170 (order dismissing plaintiff Nees with prejudice); #171 (order dismissing plaintiff Peterson with prejudice); #172 (order dismissing plaintiff Woomer with prejudice); #173 (order dismissing plaintiff Miller with prejudice); #178 (order dismissing plaintiff Williams with prejudice); #183 (order dismissing plaintiff Harris with prejudice); #184 (order dismissing plaintiff McGee with prejudice), #185 (stipulation to dismiss plaintiff Askins with prejudice); #186 (stipulation to dismiss plaintiff Tracy with prejudice). Although there is no bright-line rule on the number of plaintiffs necessary to maintain a class action, it is clear that plaintiff alone does not constitute a class pursuant to Rule 23.  As to the fourth requirement, it is clear that plaintiff, as a *pro se* litigant, cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4).

Therefore, plaintiff does not meet the requirements for class certification.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's motion to certify as a class action (#128) should be **DENIED**.

### IV.  RECOMMENDATION

The court respectfully recommends that plaintiff's motion to certify as a class action (#128) be **DENIED**.

3

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED:** April 26, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**