UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

MICHAEL S. SPENCER,

          Plaintiff,

v.

GLEN WHORTON, et al.,

          Defendants.

3:07-cv-00635-LRH (VPC)

<u>ORDER</u>

      The Court has considered the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (#289) entered on November 18, 2010, in which the Magistrate Judge recommends that Defendants' Motion for Summary Judgment (# 207) be granted in part and denied in part, and that Defendants' Request for Judgment on the Pleadings (#216) be denied as moot. Plaintiff filed his Objections to Report and Recommendation by U.S. Magistrate Cooke (#293) on January 3, 2011, and Defendants filed their Reply to Plaintiff's Objections to Report and Recommendation on January 10, 2011 (#294). This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice of the United States District Court for the District of Nevada.

      The Court has conducted its *de novo* review in this case, has fully considered the objections of Plaintiff, the response of Defendants, the pleadings and memoranda of the parties and other relevant matters of record and has made a determination in accordance with the requirements of 28 U.S.C. §

636 (b)(1) and Local Rule IB 3-2.  The Court determines that the Magistrate Judge's Report and Recommendation (#289) entered on November 18, 2010, should be adopted in part and rejected in part.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (#289) entered on November 18, 2010, is adopted and accepted; therefore, Defendants' Request for Judgment on the Pleadings (#216) is denied as moot, and Defendants' Motion for Summary Judgment (# 207) is granted as follows:

(1) Plaintiff's claims related to past deprivations of his religious rights, other than those specifically alleged to be ongoing, be DENIED for lack of standing to bring these claims for injunctive relief;

(2) Plaintiff's claims related to past deprivations of his religious rights, other than those specifically alleged to be ongoing, be DENIED as moot given the implementation of a revised version of AR 810;

(3) Plaintiff's due process claims in counts two and three, access to court claims in count five, inadequacy of grievance process claims in court six, racial discrimination claims in count seven, and conspiracy claim in count eight be DENIED as this court lacks jurisdiction to hear Plaintiff's claims for which the requested prospective injunctive relief would not provide a remedy;

(4) Plaintiff's claims for relief related to the return of NSP's federal funding or the conditioning of NSP's federal funding be DENIED;

(5) Summary judgment be GRANTED in favor of Defendants for the RLUIPA and First Amendment claims for relief related to personal Thor's hammer use, sauna and plunge pool use, preparation of raw meat, cultivation of edible plans and ability of Asatru/Odinist members to eat meals in their housing units; and

(7) Summary judgment be GRANTED in favor of Defendants for the Equal Protection and Eighth Amendment claims.

In the Report and Recommendation of U.S. Magistrate Judge Valerie P. Cooke (#289) the Magistrate recommended that summary judgment be denied for claims relating to possession of a group Thor's Hammer under RLUIPA and the First Amendment. In Defendants' Reply to Plaintiff's Objections to Report and Recommendation (#289); Defendant's Request to Dismiss Remaining Issue and Amended Complaint with Prejudice (#294), the Defendants provided proof that a Thor's Hammer will be permitted for use at future Odinist Group worship times. Plaintiff has replied to Defendants' reply (#302), and the court finds that the Defendants have agreed and are in fact now allowing a Thor's Hammer to be permitted for use at future Odinist Group worship times. The final remaining issue over which the Magistrate Judge denied the Defendants' Motion for Summary Judgment now appears to be moot and Plaintiff's claims relative to this remaining issue are therefore dismissed.

It therefore appears that all claims in this action are either resolved in favor of Defendants by the issuance of the court's summary judgment herein or are dismissed upon grounds of mootness.

Any remaining motions and objections are either moot or have been resolved by the court. The court clerk is instructed to enter judgment in favor of Defendants with prejudice.

IT IS SO ORDERED.

DATED this 7th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE